**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**VILIAMU SATELE, Defendant**

High Court of American Samoa
Trial Division

CR No. 8-81

March 21, 1990

Before REES, Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Plaintiff, Jeffrey Buckner, Assistant Attorney General
For Defendant, Togiola T.A. Tulafono

On Motion for Modification:

In 1981 the defendant was found not guilty by reason of insanity on two murder charges. The verdict was based on the testimony of two psychiatrists that the defendant had suffered brain damage which made him unable to appreciate the wrongfulness of his conduct or incapable of conforming his conduct to the law. One of the psychiatrists testified that the defendant was highly dangerous and belonged in a hospital. The Court found defendant to be a danger to himself and others and ordered

him confined in the Closed Intensive Security Unit of the Hawaii State Hospital.

In 1982 defendant's counsel moved for his release from the hospital, on the ground that doctors there had determined he was not dangerous and might not have had any brain damage at all. The court denied the motion, relying primarily on the trial testimony with regard to defendant's brain damage and dangerousness.

Defendant's counsel then moved for a conditional release. This time the Court granted release on condition that the defendant "reside with his wife in Los Angeles, California, unless granted permission of the Court to reside elsewhere," that he refrain from the use of alcohol, and that he consult a physician periodically concerning his mental impairment.

The condition that he reside with his wife in Los Angeles was based on the Court's finding that the fatal impairment of defendant's judgment had been partly due to the strains of living on a small island and partly to pressures imposed by the matai system. These findings, in turn, had been based on the psychiatric evidence offered by the defendant himself at trial.

In 1988 defendant wrote a letter to the then-Chief Justice asking for removal of the condition of living in Los Angeles. The request was denied. *American Samoa Government v. Satele*, 7 A.S.R.2d 154 (1988). In 1989 there was a new Chief Justice to whom the defendant wrote a similar letter. The request was again denied. Defendant now moves through counsel for the removal of the condition.

Defendant urges first that he was entitled to unconditional release in 1982 and that the condition was therefore wrongfully imposed. We reject this contention for the reasons stated in *Satele, supra*. The trial judge's conclusions that a controlled environment was necessary to minimize the risk that the defendant's dangerous condition would recur, that his home in Los Angeles was such an environment, and that the island of Tutuila was not, were well supported in the record.

Defendant also presents evidence to show that his condition has now changed sufficiently to allow him to return safely to American Samoa. This evidence consists primarily of a report by a psychiatrist who examined the defendant in December of 1989.

The psychiatric examination was not part of a systematic program of treatment such as had been required by the 1982 order, but was requested by "[t]he attorney and family" for the specific purpose of justifying a return to Samoa.

Far from serving its desired purpose, however, the report confirms that defendant does suffer organic brain damage and that it probably contributed to his violent conduct. (The report also reveals that defendant was involved in yet another killing as a young man, which the psychiatrist believes was also probably caused in part by defendant's organic brain disease.)

The psychiatrist concludes that the brain disease that contributed to the killings has gotten worse rather than better since 1981. Although he then makes a further conclusion that defendant is not presently dangerous to himself or others, this conclusion appears to be based primarily on the defendant's physical weakness and lack of co-ordination. On this evidence we cannot conclude that defendant, two of whose previous killings required no more physical strength than it took to squeeze a trigger, is no longer dangerous.

The only other evidence --- aside from two interviews by a California private investigator with friends of the defendant, one of whom says the defendant was a thoroughly nonviolent person even before the 1981 killings --- is the testimony of defendant's daughter. This testimony has to do primarily with the difficulties the family is having in taking care of the defendant and his wife, who is now very ill. This testimony was very moving, and it does suggest that the defendant might be better off in a hospital than in his present environment. The Court would consider such a modification to its previous orders.

The evidence before us does not, however, support a conclusion that defendant's mental condition has changed in such a way as to warrant modification of the Court's 1982 finding that he would be dangerous if released into the general population in American Samoa.